UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS CASAVELLI & <br> NICOLINA CASTELLI, <br>     Plaintiffs, <br>   vs. <br> BRIAN J. BRITTON, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:13 CV 2433 CDP <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

Both sides in this case have filed motions to compel. Plaintiffs did not respond to any of the defendants' motions to compel. The briefs and exhibits demonstrate that plaintiffs have failed to provide proper Rule 26 initial disclosures, and have not responded to defendants' proper interrogatories and document requests.

Plaintiffs provided a document to defendants labeled "DISCLOSURES required by Rule 26." The document, however, did not contain any of the information required by Rule 26(a), Fed. R. Civ. P. Instead, it stated that "Discovery will be needed on the following subjects:" and then listed the three individual defendants, asked for documents related to those defendants, and requested that the defendants submit to psychological evaluations. It then had a

heading called "Complaint for Negligence," followed by what looks somewhat like a pleading. Importantly, the "Disclosures" did not provide *any* information.

Rule 26(a)(1)(A), Fed. R. Civ. P., required plaintiffs to disclose the names of people with information plaintiffs might use to support their claims, any documents plaintiffs might use to support their claims, and a computation of any damages plaintiffs are seeking. Plaintiffs have provided none of this information.

Defendants served their own disclosures on plaintiffs, and they also served interrogatories and document requests. Plaintiffs did not answer the interrogatories or produce the documents. When defendants attempted to meet and confer with plaintiffs about the lack of responses, plaintiffs were not at all cooperative; they did not respond to letters or attempts to resolve the disputes, except for one telephone call where plaintiff Casavelli hung up on one defense counsel.

Plaintiffs filed their own "Motion to Compel," which asks for leniency because they are pro se, asks that the court order defendants to respond to plaintiffs' "Interrogatories" – apparently plaintiffs are referring to the things listed in their so called "Disclosures" – and asks the court to "direct the defendants and their attorneys to respond to our inquiries in a professional manner and promptly."

By not filing timely responses, plaintiffs have waived any objections to the discovery sought, so I will grant defendants' motions to compel in their entirety. Plaintiffs must provide disclosures in compliance with Rule 26(a)(1)(A) and must

heading called "Complaint for Negligence," followed by what looks somewhat like a pleading. Importantly, the "Disclosures" did not provide *any* information.

Rule 26(a)(1)(A), Fed. R. Civ. P., required plaintiffs to disclose the names of people with information plaintiffs might use to support their claims, any documents plaintiffs might use to support their claims, and a computation of any damages plaintiffs are seeking. Plaintiffs have provided none of this information.

Defendants served their own disclosures on plaintiffs, and they also served interrogatories and document requests. Plaintiffs did not answer the interrogatories or produce the documents. When defendants attempted to meet and confer with plaintiffs about the lack of responses, plaintiffs were not at all cooperative; they did not respond to letters or attempts to resolve the disputes, except for one telephone call where plaintiff Casavelli hung up on one defense counsel.

Plaintiffs filed their own "Motion to Compel," which asks for leniency because they are pro se, asks that the court order defendants to respond to plaintiffs' "Interrogatories" – apparently plaintiffs are referring to the things listed in their so called "Disclosures" – and asks the court to "direct the defendants and their attorneys to respond to our inquiries in a professional manner and promptly."

By not filing timely responses, plaintiffs have waived any objections to the discovery sought, so I will grant defendants' motions to compel in their entirety. Plaintiffs must provide disclosures in compliance with Rule 26(a)(1)(A) and must

heading called "Complaint for Negligence," followed by what looks somewhat like a pleading. Importantly, the "Disclosures" did not provide *any* information.

Rule 26(a)(1)(A), Fed. R. Civ. P., required plaintiffs to disclose the names of people with information plaintiffs might use to support their claims, any documents plaintiffs might use to support their claims, and a computation of any damages plaintiffs are seeking. Plaintiffs have provided none of this information.

Defendants served their own disclosures on plaintiffs, and they also served interrogatories and document requests. Plaintiffs did not answer the interrogatories or produce the documents. When defendants attempted to meet and confer with plaintiffs about the lack of responses, plaintiffs were not at all cooperative; they did not respond to letters or attempts to resolve the disputes, except for one telephone call where plaintiff Casavelli hung up on one defense counsel.

Plaintiffs filed their own "Motion to Compel," which asks for leniency because they are pro se, asks that the court order defendants to respond to plaintiffs' "Interrogatories" – apparently plaintiffs are referring to the things listed in their so called "Disclosures" – and asks the court to "direct the defendants and their attorneys to respond to our inquiries in a professional manner and promptly."

By not filing timely responses, plaintiffs have waived any objections to the discovery sought, so I will grant defendants' motions to compel in their entirety. Plaintiffs must provide disclosures in compliance with Rule 26(a)(1)(A) and must

answer fully and under oath all interrogatories that have been served on them, must produce all documents that have been requested, and must serve written responses to the document requests in conformity with Rule 34(b)(2), Fed. R. Civ. P. Plaintiffs have not properly sought discovery, and therefore I will deny their motion to compel in its entirety.

The Court has previously cautioned the plaintiffs that they must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Their failure to do so has resulted in delay of the preparation of this case. Plaintiffs need to remember that they are the ones who wanted to have a lawsuit. If they do not provide the disclosures required and respond fully to the discovery that has been propounded on them, the Court will entertain a motion to dismiss this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel [#41] is denied.

**IT IS FURTHER ORDERED** that defendants' motions to compel [## 39, 40, 44] are granted, and plaintiffs must, no later than **Monday, May 11, 2015,** provide to defense counsel: disclosures that fully comply with Rule 26(a)(1)(A); written answers, under oath, to each interrogatory; all documents requested by defendants; and written responses to the document requests.

**IT IS FURTHER ORDERED** that no later than **Friday, May 22, 2015,** the parties shall submit proposals for any necessary changes to the Case Management Order previously entered in this case.

**IT IS FURTHER ORDERED** that plaintiffs are specifically warned that their failure to comply with this Order may result in the full range of sanctions available, including dismissal of their claims with prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2015.