UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS CASAVELLI & NICOLINA CASTELLI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:13 CV 2433 CDP |
| BRIAN J. BRITTON, et al., | ) ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

In this Court's Order of April 13, 2015, I granted defendants' motion to compel the plaintiffs to provide proper Rule 26 disclosures and to otherwise participate in discovery. Plaintiffs Nicholas Casavelli and Nicolina Castelli were ordered to comply with the defendants' discovery requests by no later than May 11, 2015. The plaintiffs were cautioned that their failure to obey the Federal Rules of Civil Procedure and the Local Rules of this court had delayed this case. They were "specifically warned that their failure to comply with this Order may result in the full range of sanctions available, including dismissal of their claims with prejudice."

On May 14, 2015, defendants filed a motion to dismiss. That motion notified this Court that the plaintiffs had not complied with the Order of April 13 and sought dismissal of the case with prejudice under Federal Rules of Civil

Procedure 41(b) and 37(b)(2)(A). Plaintiffs have not responded to the motion, and the time to do so has passed.

Federal Rule of Civil Procedure 37 allows a district court to order the imposition of sanctions where a party fails to obey a court order to participate in discovery. Fed. R. Civ. P. 37(b)(2)(A). Likewise, Rule 41 authorizes dismissal where a plaintiff fails to prosecute or comply with any order of the court. Fed. R. Civ. P. 41(b). Where a defendant moves to dismiss under Rule 41(b), the dismissal may operate as an adjudication on the merits. *See id.* (providing exceptions).

A district court has wide latitude in imposing sanctions for failure to comply with discovery. *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). However, the Eighth Circuit Court of Appeals has instructed that dismissal with prejudice should occur "only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 572 (8th Cir. 2012) (citing *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000)).

I find that dismissal with prejudice is appropriate in this case. Plaintiffs disobeyed this Court's Order of April 13. They were warned that their previous failure to participate in discovery or otherwise prosecute their claim had delayed the case. This delay has prejudiced the defendants. Plaintiffs were also warned that their case might be dismissed with prejudice if they continued to disobey the

Court's orders.  Under these circumstances, it appears that the plaintiffs' actions in this case constitute the willful violation of the Order of April 13.  The case will be dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [# 50] is **granted**, and this case is **dismissed with prejudice, with plaintiffs to bear all taxable costs of the action.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2015.